1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

MARIO O.,

Plaintiff,

CASE NO. C21-1145-MAT

10

v.

11

COMMISSIONER OF SOCIAL SECURITY,

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

12

Defendant.

13

14    Plaintiff appeals a final decision of the Commissioner of the Social Security Administration

15  (Commissioner) denying Plaintiff's application for disability benefits after a hearing before an

16  administrative law judge (ALJ). Having considered the ALJ's decision, the administrative record

17  (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further

18  administrative proceedings.

19                          **FACTS AND PROCEDURAL HISTORY**

20    Plaintiff was born on XXXX, 1982.[1] Plaintiff has at least a high school education and

21  previously worked as a sales clerk, theme photography, meat clerk, cook, and stock clerk. AR 30.

22  Plaintiff filed an application for Disability Insurance Benefits on July 19, 2019, alleging disability

23

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

1  beginning October 1, 2018. AR 15. The application was denied at the initial level and on

2  reconsideration. On January 5, 2021, the ALJ held a telephonic hearing and took testimony from

3  Plaintiff and a vocational expert (VE). AR 72–107. On January 25, 2021, the ALJ issued a decision

4  finding Plaintiff not disabled.[2] AR 15–32. Plaintiff timely appealed. The Appeals Council denied

5  Plaintiff's request for review on August 2, 2021 (AR 1–6), making the ALJ's decision the final

6  decision of the Commissioner. Plaintiff appeals this final decision of the Commissioner to this

7  Court.

8  ## JURISDICTION

9  The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

10  ## STANDARD OF REVIEW

11  This Court's review of the ALJ's decision is limited to whether the decision is in

12  accordance with the law and the findings are supported by substantial evidence in the record as a

13  whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). "Substantial evidence" means more

14  than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable

15  mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750

16  (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's

17  decision, the Court must uphold the ALJ's decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th

18  Cir. 2002).

19  ## DISCUSSION

20  The Commissioner follows a five-step sequential evaluation process for determining

21  whether a claimant is disabled. *See* 20 C.F.R. § 404.1520 (2000).

22

23

---

[2] Plaintiff previously applied for disability benefits, which application was denied on September 25, 2018. AR 111–22.

ORDER
PAGE - 2

At step one, the ALJ must determine whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 17.

At step two, the ALJ must determine whether a claimant suffers from a severe impairment. The ALJ found Plaintiff has the following severe impairments: degenerative disc disease; coronary artery disease; and anxiety disorder. AR 18. The ALJ also found that the record contained evidence of the following conditions that does not rise to the level of severe impairment: depression; panic disorder; posttraumatic stress disorder (PTSD); and asthma. AR 18.

At step three, the ALJ must determine whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. AR 18–21.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff able to perform light work, as defined in 20 C.F.R. § 404.1567(b), with the following limitations:

> He can stand and/or walk (with normal breaks) for 6 hours in an eight-hour workday, and sit (with normal breaks) 6 hours in an eight-hour workday but needs to alternate positions for a few minutes for each activity every hour, can continue working while in the alternated position. His left lower extremity is limited to occasional push/pull, such as for operation of foot pedals. He can frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He can never climb ladders, ropes, or scaffolds. He must avoid concentrated exposure to pulmonary irritants and workplace hazards. He can work superficial and occasional with general public. He can work in same room with coworkers but no coordination of work activity. He cannot perform work at production rate pace where the pace is controlled mechanically but can do production rate pace where he is in control of the pace.

AR 21. With that assessment, the ALJ found Plaintiff unable to perform any past relevant work. AR 30.

ORDER
PAGE - 3

1    If a claimant demonstrates an inability to perform past relevant work, or has no past

2    relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant

3    retains the capacity to make an adjustment to work that exists in significant levels in the national

4    economy. With the assistance of a VE, the ALJ found Plaintiff capable of performing other jobs,

5    such as work as mold machine attendant, wire worker, and marker. AR 31.

6    Plaintiff raises the following issues on appeal: (1) Whether the ALJ erred by accepting the

7    opinion of a state contracted psychologist yet failed to account for certain limitations in the opinion

8    in her RFC determination and whether the ALJ erred by rejecting a treating physician's opinion

9    regarding Plaintiff's physical limitations; and (2) whether the ALJ erred by rejecting Plaintiff's

10   testimony regarding the limiting effects of his physical health impairments. Plaintiff requests

11   remand for further administrative proceedings. The Commissioner argues the ALJ's decision has

12   the support of substantial evidence and should be affirmed.

13   **1. Medical Opinions**

14   The regulations effective March 27, 2017, require the ALJ to articulate how persuasive the

15   ALJ finds medical opinions and to explain how the ALJ considered the supportability and

16   consistency factors.[3] 20 C.F.R. § 404.1520c(a)–(b). The regulations require an ALJ to specifically

17   account for the legitimate factors of supportability and consistency in addressing the

18   persuasiveness of a medical opinion. The "more relevant the objective medical evidence and

19   supporting explanations presented" and the "more consistent" with evidence from other sources,

20   the more persuasive a medical opinion or prior finding. *Id*. at § 404.1520c(c)(1)–(2).

21   Further, the Court must continue to consider whether the ALJ's analysis is supported by

22

23

---

[3] The Ninth Circuit has not yet addressed the 2017 regulations in relation to its standard for the review of medical opinions.

ORDER
PAGE - 4

substantial evidence. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *see also Webster v. Kijakazi*, 19 F.4th 715, 718–19 (5th Cir. 2021) (applying the substantial evidence standard under the 2017 regulations); *Matos v. Comm'r of Soc. Sec. Admin.*, No. 21-11764, 2022 WL 97144, at *4 (11th Cir. January 10, 2022) (same); *Zhu v. Comm'r of Soc. Sec. Admin.*, No. 20-3180, 2021 WL 2794533, at *6 (10th Cir. July 6, 2021) (same). With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

A.  Dr. Bruce Eather, Ph.D.

Dr. Eather provided a mental residual functional capacity evaluation for Plaintiff on December 13, 2019. AR 149–50. Regarding sustained concentration and persistence limitations, Dr. Eather opined that Plaintiff has moderate limitations in Plaintiff's ability to maintain attention and concentration for extended periods; to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; to work in coordination with or in proximity to others without being distracted by them; to complete a normal workday and workweek without interruptions from psychologically based symptoms; to perform at a consistent pace without an unreasonable number and length of rest periods. AR 149–50. Dr. Eather provided the following explanation in narrative form regarding these limitations:

> Capable of carrying out simple and complex tasks and remaining on task enough of the time to allow for work assignments to be completed within an acceptable timeframe. He may be off task up to 10% of the workday and may have four to six unexcused absences over the course of a year. Not able to perform work at a production rate pace where the pace is controlled mechanically but can do those tasks where he has more control of the pace or goal oriented work.

AR. 150.[4]

The regulations require the ALJ to articulate the persuasiveness of each medical opinion and explain how the ALJ considered the supportability and consistency factors for that opinion. 20 C.F.R. § 404.1520c(a)–(b). The ALJ found Dr. Eather's opinion "generally persuasive." AR 28. Regarding Plaintiff's cognitive functioning, the ALJ identified portions of Dr. Eather's assessed limitations that the ALJ found persuasive "because they are consistent with the claimant's treatment history, his presentations at appointments, and his reported activities of daily living." AR 29 (internal citations omitted). The ALJ did not identify any limitations in Dr. Eather's opinion that he clearly rejected.

Plaintiff argues that the ALJ erred because the ALJ found Dr. Eather's opinion persuasive yet failed to account for Dr. Eather's assessment that Plaintiff may be off task up to 10% of the workday and may have four to six unexcused absences per year in Plaintiff's RFC. Dkt. 11, at 4. "The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). Here, the ALJ did not clearly find Dr. Eather's opinion that Plaintiff may be off task 10% of the workday and absent four to six times per year to be either persuasive or unpersuasive. The ALJ specifically identified those limitations in Dr. Eather's opinion that the ALJ found persuasive but did not address Dr. Eather's assessment that Plaintiff may be off task up to 10% of the workday and miss four to six days of work per year. AR 28; *see* AR 150. Regarding Plaintiff's sustained concentration and persistence limitations, the ALJ also did not address or incorporate in the RFC Dr. Eather's assessment that Plaintiff was moderately limited in his ability to complete a normal workday and workweek

---

[4] Dr. Eather also assessed limitations in areas of social interaction and adaption; however, Plaintiff has not challenged the ALJ's evaluation of these limitations on appeal.

ORDER
PAGE - 6

without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. AR 28; *see also* AR 150. The regulations require the ALJ to explain how the ALJ considered the supportability and consistency factors for each medical opinion of record. 20 C.F.R. § 404.1520c(a)–(b). Here, because the ALJ neither properly rejected all of Dr. Eather's assessed limitations nor incorporated all of the doctor's assessed limitations into the RFC, the ALJ erred by improperly assessing Dr. Eather's opinion. This error was harmful because it resulted in an RFC determination that did not adequately account for all of Plaintiff's limitations.

The Commissioner argues that the ALJ was not required to account for these limitations because Dr. Eather wrote that Plaintiff "may" be off task and "may" have four to six unexcused absences per year, which phrasing was equivocal. Dkt. 12, at 2. An ALJ may reject a physician's opinion by finding it equivocal. *See Khal v. Berryhill*, 690 Fed. Appx. 499, 501 (9th Cir. 2017) (finding a physician's opinion that the plaintiff was "probably incapable of work" to be equivocal and less compelling). Here, the ALJ did not identify equivocal phrasing as a reason for rejecting Dr. Eather's opinions. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."). Indeed, as discussed above, the ALJ did not clearly reject Dr. Eather's assessment regarding Plaintiff's potential to be off task and absent from work. Further, even if Dr. Eather's use of the word "may" could be considered equivocal here, Dr. Eather unequivocally assessed Plaintiff as moderately limited in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest

1    periods. AR 150. As discussed above, the ALJ did not clearly reject these limitations nor did the

2    ALJ otherwise incorporate these limitations in the RFC. Therefore, the Court finds the

3    Commissioner's argument unpersuasive.

4         B.   Dr. Akira Kobayashi, M.D.

5         On July 10, 2020, Dr. Kobayashi opined that, in an eight-hour workday, Plaintiff can stand

6    or walk for one hour 30 minutes at a time twice a day, could sit for eight hours, and can lift 15

7    pounds occasionally and five pounds frequently.[5] AR 681. The doctor noted that Plaintiff's

8    limitations are caused by chest pain when lifting, history of multiple heart surgeries, several mitral

9    stenosis, and that Plaintiff walks with a cane. AR 681.

10        The ALJ found Dr. Kobayashi's opinion partially persuasive. AR 28. The ALJ found the

11   doctor's limitations that Plaintiff can stand/walk only 30 minutes at a time persuasive but found

12   unpersuasive Dr. Kobayashi's assessment that Plaintiff can lift/carry 15 pounds occasionally and

13   5 pounds frequently. AR 28. The ALJ found that the doctor's lift/carry limitations were "not

14   consistent with the longitudinal record as a whole" and "were inconsistent with objective findings,

15   Plaintiff's presentations at appointment of normal strength and range of motion of the neck,

16   shoulders, and upper extremities, Plaintiff's statements of improvement, including denial of

17   weakness and no signs of new heart issues, and Plaintiff's reported activities of daily living . . . ."

18   AR 28 (internal citations omitted).

19        Plaintiff argues that the ALJ erred by rejecting Dr. Kobayashi's assessed limitations based

20   on finding them "'extreme and not supported by the record of [*sic*] the whole, including objective

21   findings.'" Dkt. 11, at 7 (quoting AR 28). Plaintiff argues that this reason is not sufficiently specific

22

23

---

[5] Dr. Kobayashi also assessed Plaintiff's mental impairments; however, Plaintiff does not challenge the
ALJ's assessment of Dr. Kobayashi's assessment of Plaintiff's mental impairments on appeal. Dkt. 11, at 5.

ORDER
PAGE - 8

and that "[t]he ALJ must set forth his own interpretation and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988)). The ALJ cited several treatment records yet failed to explain how or why these treatment records and objective findings are inconsistent with Dr. Kobayashi's assessed lifting and carrying limitations. AR 28. Indeed, the ALJ found that Plaintiff has a severe impairment of degenerative disc disease, yet the ALJ does not identify or discuss objective findings in the record related to Plaintiff's spine that are inconsistent with Dr. Kobayashi's limitations.[6] Further, although the ALJ found that Dr. Kobayashi's limitations were unsupported by Plaintiff's presentation at appointments of normal strength and range of motion of the neck, shoulders, and upper extremities (AR 28), the ALJ failed to explain how this evidence is inconsistent with the doctor's lifting and carrying limitations or shows that Plaintiff's severe back impairment is not disabling. An ALJ does not adequately reject a physician's opinion by "merely stat[ing] that the objective factors point toward an adverse conclusion and mak[ing] no effort to relate any of these objective factors to any of the specific medical opinions and findings he rejects." *Embrey*, 849 F.2d at 422. Accordingly, the ALJ improperly rejected Dr. Kobayashi's limitations by inadequately finding them unsupported by the objective findings.

Plaintiff argues that the ALJ further erred by rejecting Dr. Kobayashi's limitations by finding them unsupported by Plaintiff's statements of improvement, including denial of weakness and no signs of new heart issues. Dkt. 11, at 7–9. An ALJ may consider improvement with treatment in discounting a physician's opinion. *Thomas*, 278 F.3d at 957. The ALJ cited medical

---

[6] The Commissioner argues that imaging of Plaintiff's lumbar "shows primarily mild findings, at most mild-moderate findings," an "x-ray of [Plaintiff's] right shoulder showed no abnormalities," and "a May 2020 echocardiogram revealed at most mild findings." Dkt. 12, at 5. Although the ALJ cited some of these records as inconsistent with Dr. Kobayashi's opinion (AR 28), the ALJ did not explain how or why they were inconsistent with the doctor's limitations. *See Bray*, 554 F.3d at 1226 (the court must "review the ALJ's decision based on the reasoning and factual findings offered by the ALJ).

records that show that Plaintiff saw some improvement in his back pain from physical therapy (AR 28); however, these records also show that Plaintiff experienced cycles of improvement from physical therapy and that Plaintiff frequently presented for his treatment with recurring back pain. *See, e.g.*, AR 359–401, 900–14, 923–27, 929–37, 939–44, 946–55. "Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). Additionally, the ALJ failed to explain how Plaintiff's denial of weakness or no signs of new heart issues is inconsistent with Dr. Kobayashi's assessed carrying and lifting limitations, particularly where the doctor did not base his assessed limitations on whether Plaintiff displayed weakness or had new heart issues. *See* AR 681. Therefore, the ALJ improperly rejected Dr. Kobayashi's assessed limitations based on Plaintiff's statements of improvement, denial of weakness, and no signs of new heart issues.

Plaintiff next argues that the ALJ erred by finding Dr. Kobayashi's limitations inconsistent with Plaintiff's reported activities of daily living. Dkt. 11, at 7–11. An ALJ may reject a physician's opinion where it is inconsistent with Plaintiff's level of activity. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). The ALJ found Dr. Kobayashi's lifting and carrying limitations inconsistent with Plaintiff's reported activities, "such as taking care of his own grooming, doing chores, doing pool exercise regularly, and carrying groceries and walking 15 minutes from the store to home every other day." AR 28. The ALJ, however, provided no detail as to the weight and duration of lifting and carrying that these activities required, and these activities are not reasonably inconsistent with Dr. Kobayashi's assessment limiting Plaintiff to lifting 15 pounds occasionally and five pounds frequently. *See Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017) (finding

ORDER
PAGE - 10

that the ALJ did not properly reject a physician's opinion based on evidence of a claimant's childcare activities when the record provided no details as to what the regular childcare activities involved). Therefore, the ALJ improperly rejected Dr. Kobayashi's assessed carrying and lifting limitations based on inconsistency with Plaintiff's daily activities.

The Commissioner notes that Plaintiff urges a finding of disability due to his back impairment, yet Dr. Kobayashi's opinion made no mention of Plaintiff's back impairment and, instead, the doctor cited Plaintiff's chest pain when lifting, history of heart surgeries, and mitral stenosis. Dkt. 12, at 6 (citing AR 681). Here, the ALJ did not identify Dr. Kobayashi's failure to note Plaintiff's back impairment on the doctor's July 2020 opinion as a basis for rejecting the doctor's opinion. *See Bray*, 554 F.3d at 1226 (a court must review "the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."). Further, the record shows that Dr. Kobayashi frequently treated Plaintiff for back pain between January 2020 and September 2020. AR 28 (citing AR 686, 792–93, 812–13). An ALJ may consider a source's relationship with the claimant, the frequency of examinations with that source, and the purpose of the treatment when evaluating the persuasiveness of an opinion. 20 C.F.R. § 404.1520c(c)(3). Therefore, the Commissioner's argument does not show that the ALJ properly rejected Dr. Kobayashi's opinion.

The Commissioner further argues that any error in evaluating Dr. Kobayashi's assessed lifting and carrying limitations was harmless because the VE testified that a person limited to lifting and carrying 15 pounds occasionally and five pounds frequently would still be able to perform the duties of wire worker. Dkt. 12, at 3 (citing AR 102, 106). The ALJ determined that Plaintiff is capable of light work, which requires lifting up to 20 pounds and frequent lifting and carrying of objects up to 10 pounds. 20 C.F.R. § 404.1567. Dr. Kobayashi limitations, however,

would preclude light work, and the ALJ's consideration of these limitations may have impacted the ALJ's ultimate disability determination. *See Loader v. Berryhill*, 722 Fed. Appx. 653, 655 (9th Cir. Jan. 24, 2018). Therefore, the ALJ's failure to provide valid reasons to reject Dr. Kobayashi's assessed lifting and carrying limitations is harmful because it resulted in an RFC determination that did not account for all of Plaintiff's limitations and may have impacted the ALJ's ultimate disability determination. *See Rounds*, 807 F.3d 996 at ("The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC.").

### 2. Subjective Testimony

Plaintiff contends that the ALJ improperly evaluated Plaintiff's testimony. The rejection of a claimant's subjective symptom testimony[7] requires the provision of specific, clear, and convincing reasons. *Burrell v. Colvin*, 775 F.3d 1133, 1136–37 (9th Cir. 2014); *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence, but not when it merely lacks support in the medical evidence. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony."); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("[L]ack of medical evidence cannot form the sole basis for discounting pain testimony.").

Plaintiff testified that, on a normal, regular day, he experiences five- or six-level back pain

---

[7] Effective March 28, 2016, the Social Security Administration (SSA) eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an examination of character. SSR 16-3p. The Court continues to cite to relevant case law utilizing the term credibility.

1    and that he experiences flares with higher levels of pain two to three times a month. AR 89.

2    Plaintiff testified that, during flares, his back pain lasts for a day or two, and the longest the pain

3    has lasted is four to five weeks, or four or five days. AR 89. During flares, Plaintiff testified that

4    it is difficult for him to get out of bed and to stand up in the shower. AR 90. Plaintiff testifies that

5    it is best for him when he lays down with a heat pad for an hour to two and that he does some

6    chores around the house, such as making his bed, paying his bills, feeding his cats, and make small

7    meals for himself but nothing "too strenuous." AR 92. He is unable to take out the garbage, scrub

8    down the bathroom, or replace the cat litter. AR 92. Plaintiff further testified that his medications

9    cause side effects such as drowsiness. AR 92.

10          The ALJ found that Plaintiff's "medically determinable impairments could reasonably be

11   expected to produce some of the above alleged symptoms; however, the claimant's statements

12   concerning the intensity, persistence and limiting effects of these symptoms are not entirely

13   consistent with the medical evidence and other evidence in the record . . . ." AR 22. The ALJ found

14   that Plaintiff's "allegations are out of proportion to his objective findings and presentations at

15   appointments," that Plaintiff's statements and that of his treatment providers show that his physical

16   symptoms are not as severe as alleged, that Plaintiff noted that his symptoms improved with

17   activity modification and medications, and that Plaintiff walked to the grocery store every other

18   day. AR 24–25.

19          Plaintiff argues that the ALJ erred by rejecting Plaintiff's testimony by finding them

20   inconsistent with objective evidence and presentation during appointments because the ALJ failed

21   to discuss significant and probative evidence that were consistent with Plaintiff's complaints.

22   Dkt. 11, at 12. Plaintiff further argues that the objective findings the ALJ cited were not relevant

23   to Plaintiff's complaints. *Id.* An ALJ may reject subjective testimony upon finding it contradicted

by or inconsistent with the medical record. *Carmickle*, 533 F.3d at 1161. Regarding Plaintiff's back, the ALJ found that Plaintiff regularly exhibits normal/close to normal gait and/or station, 5/5 motor strength of the thoracic and lumbar spine, normal/near normal range of motion of the thoracic, lumbar, and cervical spine, and intact sensation without numbness.[8] AR 23–24. These findings are relevant to Plaintiff's complaints regarding back pain. However, the ALJ also found that Plaintiff experienced limited range of motion of the lumbar spine from October 2018 through February 2019, and August 2019, the left and/or right should in August 2019 and July 2020, and the neck from February 2019 to April 2019. AR 24. These findings are consistent with Plaintiff's testimony that he experiences back pain and physical limitations due to his spinal impairments, yet the ALJ failed to explain why she rejected Plaintiff's testimony despite finding objective evidence consistent with Plaintiff's complaints. It is error for the ALJ to "cherry-pick[]" statements in a medical record; rather, observations "must be 'read in context of the overall diagnostic picture' the provider draws." *Ghanim v. Colvin*, 763 F.3d 1154, 1162, 1164 (9th Cir. 2014) (citation omitted).

Regarding Plaintiff's heart condition, the ALJ found that a May 2020 echocardiogram showed mild findings, a June 2020 showed no evidence of thrombus in the status post mechanical mitral valve and aortic valve and normal excursion, and examinations show normal cardiovascular function and normal/close to normal respiratory function. AR 23–24. The ALJ, however, failed to identify what testimony this evidence undermined or how and why this evidence undermined that testimony. The Commissioner argues that this evidence is inconsistent with Plaintiff's report that he is unable to go for walks due to his heart condition. Dkt. 12, at 7 (citing AR 281). The ALJ,

---

[8] The ALJ also noted several other objective findings pertaining to Plaintiff's shoulders, upper extremities, and lower extremities. AR 23–24.

however, did not identify this testimony as undermined by the evidence cited, and the Court only reviews the reasoning and findings offered by the ALJ. *See Bray*, 554 F.3d at 1226. Therefore, the ALJ rejection of Plaintiff's testimony based on inconsistency with the objective evidence of record was not specific, clear, or convincing.

Plaintiff next argues that the ALJ erred by rejecting Plaintiff's testimony based on certain statements of improvement and denial of back impairment. Dkt. 11, at 13. The ALJ may consider a claimant's prior inconsistent statements when evaluating a claimant's symptom testimony *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). The ALJ cites record from December 2018 to support her finding that Plaintiff denied back pain. AR 24 (citing AR 364, 566–67, 79). Although these records note that Plaintiff did not appear in distress or in pain during the medical examinations, in each of these records Plaintiff presented for treatment for back pain that he reported experiencing. AR 364, 566–67. Further, the medical providers assessed Plaintiff with lumbar strain and sprain of the thoracic and cervical spine. AR 364, 567. Accordingly, these records are not clearly inconsistent with Plaintiff's complaints. The ALJ also cited to Plaintiff's physical therapy records reporting that Plaintiff was feeling better following treatment. AR 24–25. However, as described above, these records also show that Plaintiff experienced cycles of improvement from physical therapy and that Plaintiff frequently presented for his treatment with recurring back pain. *See, e.g.*, AR 359–401, 900–14, 923–27, 929–37, 939–44, 946–55. The ALJ failed to consider Plaintiff's periods of improvement in the context of the overall diagnostic picture that these medical records drew pertaining to Plaintiff's recurring back pain. *See Ghanim*, 763 F.3d at 1162, 1164. Therefore, the ALJ's rejection of Plaintiff's testimony based on Plaintiff's statements of improvement was not specific, clear, or convincing.

Plaintiff further argues that the ALJ erred by rejecting Plaintiff's testimony by finding that

ORDER
PAGE - 15

Plaintiff symptoms improved with activity modification and medication. Dkt. 11, at 15–16. Impairments that can be controlled effectively with treatment are not disabling for the purpose of determining disability benefits. *See also Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). The ALJ found that Plaintiff displayed improvement with physical therapy and also testified that medications were effective. AR 25. As described above, the ALJ failed to consider Plaintiff's cycles of improvement with physical therapy with the overall record, which describes Plaintiff experiencing recurrent back pain despite physical therapy. *See, e.g.*, AR 359–401, 900–14, 923–27, 929–37, 939–44, 946–55. Further, Plaintiff testified, and reported to treatment providers, that he could no longer afford physical therapy treatment. AR 83, 816, 825. The ALJ found that "there is no evidence that he had sought state assistance for medical care to address allegedly work preclusive symptoms for year." AR 26. The Ninth Circuit has held that "[d]isability benefits may not be denied because of the claimant's failure to obtain treatment he cannot obtain for lack of funds." *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1996). Thus, whether a claimant has applied for state assistance to pay for medical treatment does not undermine this basic principle. Indeed, there is no evidence that Plaintiff would have qualified for state assistance, or that the state assistance would have been adequate to cover the costs of Plaintiff's treatment.

Regarding medication, Plaintiff testified that he takes medication for his back pain but that this medication makes him drowsy, disoriented, and blurs his eyes. AR 76–78; *see Garrison*, 759 F.3d at 1017 n.23 ("There can be a great distance between a patient who responds to treatment and one who is able to enter the workforce"). The ALJ found that Plaintiff's allegations of experiencing side effects from his medication are not corroborated by the evidence, citing to medical records in which Plaintiff presented with full alertness and orientation and in no acute distress. AR 26. Here,

there is no evidence that Plaintiff had taken the medication prior to attending these medical appointments. Indeed, Plaintiff testified that he does not take his back pain medication when he is driving and that he takes the medication after he gets home. AR 92. Accordingly, Plaintiff's presentation at medical appointments is not reasonably inconsistent with Plaintiff's testimony that he experiences side effects from his back pain medication. Therefore, the ALJ's rejection of Plaintiff's testimony based on improvement with physical therapy and medication and rejection of Plaintiff's testimony regarding experiencing medication side effects was not specific, clear, or convincing.

Plaintiff argues that the ALJ erred by rejecting Plaintiff's testimony by finding it inconsistent with Plaintiff activities. Dkt. 11, at 17–18. An ALJ may consider daily activities in evaluating a claimant's testimony regarding his physical limitations and the severity of his symptoms. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[I]f a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that *are* transferable to a work setting, a specific finding as to this fact may be sufficient to discredit an allegation of disabling pain." (emphasis in original)). The ALJ found that Plaintiff "walks to places, and shops for groceries" and that Plaintiff "walks 15 minutes to the grocery store every other day." AR 25. The ALJ's finding, however, is not supported by the record. Plaintiff testified that it is hard to walk around due to his mobility and stability, that, when he is walking, he "feel[s] all this pain and pressure in his lower back," that he does not walk very much, and that, when he goes to the grocery store, he uses an electric basket. AR 81–82. Further, the record does not show that Plaintiff testified to walking to the grocery store for 15 minutes every other day. Finally, the ALJ failed to explain how or why these activities were inconsistent with Plaintiff's testimony of disabling back pain or how these activities were transferrable to a work setting. Therefore, the

ORDER
PAGE - 17

ALJ's reason for rejecting Plaintiff's testimony based on inconsistency with Plaintiff's activities was not specific, clear, or convincing.

Finally, Plaintiff argues that the ALJ erred by discounting Plaintiff's testimony based on Plaintiff's reported use of a cane. Dkt. 11, at 17 (citing AR 26). An ALJ may factor into the ALJ's evaluation of a Plaintiff's subjective testimony the "unwarranted use of a cane." *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012). The ALJ found that, although Plaintiff reported that he used a cane to balance, "there is no evidence that he medically requires one for any continuous or expected 12-month period" and Plaintiff "was usually observed ambulating independently and without difficulty." AR 26. Plaintiff testified that he uses a cane to balance, to help with back pain when walking, and to get up when he has been sitting for a long period and his back stiffens. AR 81. However, Plaintiff alleged that he was not prescribed the use of a cane, and Plaintiff's medical records note that Plaintiff "prefers to utilize a cane" although he is able to ambulate without loss of balance or coordination. AR 283, 884, 893. Plaintiff's voluntary use of a cane does not reasonably undermine Plaintiff's testimony of debilitating back pain. Therefore, to the extent that the ALJ discounted Plaintiff's testimony regarding debilitating back pain based on Plaintiff's voluntary use of a cane, the ALJ's reasoning was not specific, clear, or convincing.

## **CONCLUSION**

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings.

DATED this 5th day of April, 2022.

MARY ALICE THEILER
United States Magistrate Judge

ORDER
PAGE - 18